Jermaine D. Carpenter
　　Plaintiff

No. _____

vs.

Sta.I Dawn Mercer, Sta.I Richard Logan,
Sta.I Michael Jackson, and Sta.I Brian Maze,
Sta.II Spencer, Director Gregg Scott, Dr. Rao,
Dr. ABDi Tinwalla, Dr. Jetwani, (All John Doe Defendant on The ERT Team)
　　Defendant(s)　sued in their Individual And official capacities

## "Plaintiff's Sworn Complaint":

Before me the undersigned authority on this day personally appeared resident Jermaine D. Carpenter, who after being duly sworn upon his oath and under the penalty of perjury avers and deposes as follows in this signed sworn declaration in the above cause.

This is a correct and true statement which did occur, to which I do hereby swear to all the following after being duly sworn upon my oath and under the penalty of perjury in accordance with the laws of the United States of America Pursuant to 28 U.S.C. 1746, and by my signature, this I do hereby swear.

Respectfully Submitted,
Jermaine D. Carpenter

17019 County Farm Rd.
Rushville, Illinois 62681
(217) 322-3204

pg. (1)

Jurisdiction:

1). This jurisdiction of this court is invoked pursuant to civil rights Act 42. U.S.C. §1983 et seq. The judicial code 28 U.S.C. §1331, and 1343.

2). The court has authority pursuant to 28 U.S.C. 2201 and Section 2202 to provide the appropriate (Appropriate) declaratory relief to matters within its jurisdiction.

Venue:

3). Venue is proper in the Central District of Illinois pursuant to 28 U.S.C. §1391(b)(2), because this is where the constitutional Breach occured and the parties reside in this District.

Parties:

4). The plaintiff, Jermaine Carpenter, was at all times relevant of this complaint a citizen of the United States of America, And a registered voter of Schuyler County, Illinois, And as such is guaranteed all the rights, privileges, immunities, and safeguards of the united States constitution and is entitled to it's protections

5). The defendant Dawn Mercer, was at all times relevant to this complaint an employee of the state of Illinois, employed as an "Sta I" (Security Therapist Aide I) acting in the course and scope of her duties, while acting ("Under Color of State Law"), while personally engaging — in the conduct herein. This defendant was directly and personally involved and is sued in her individual and official capacities.

6). The defendant Bryant Mayes, was at all times relevant to this complaint an employee of the state of Illinois, employed as an "Sta I" (Security Therapist Aide I) acting in the course and scope of her duties, while acting ("under color of State Law"), while personally engaging in the conduct herein. This defendant was directly and personally involved and is sued in her individual and official capacities.

Pg.(2)

7). The defendant, Richard Logan, was at all times relevant to this complaint an employee of the state of Illinois, employed as an Sta I "(Security Therapist Aide I)" acting in the course and scope of her duties, while acting ("under color of state Law"), while personally engaging in the conduct herein. The this defendant was directly and personally involved and is sued in her individual and official capacities

8). The defendant Michael Jackson, was at all times relevant to this complaint an employee of the state of Illinois, employed as an Sta I "(Security Therapist Aide I)" acting in the course and scope of her duties, while acting ("under color of state Law"), while personally engaging in the conduct herein. This defendant was directly and personally involved and is sued in her individual and official capacities.

9). The defendant Gregg Scott, was at all times relevant to this complaint an employee of the State of Illinois, employed as the Facility Director, acting in the course and scope of her duties, while acting ("under color of state Law"), while personally engaging in the conduct herein. This defendant upon information and belief was personally an directly involved and is sued in her individual and official capacities.

10). The defendant Shan Jumper, was at all times relevant to this complaint an employee of the state of Illinois is employed as the Clinical Director, acting in the course and scope of her duties while acting ("under color of state Law"), while personally engaging in the conduct herein. This defendant upon information and belief was personally and directly involved and is sued in her individual and official capacities.

11). The defendant ABDI Tinwalla, was at all times relevant to this complaint an employee of the state of Illinois, employed as the psychologist, acting in the course and scope of her duties while acting ("under color of state Law"), while personally engaging in the conduct herein. This defendant upon information and belief was personally and directly involved and is sued in her individual and official capacities

Pg. (3)

12). The defendant Dr. [Rao], was at all times relevant to this complaint an employee of the state of Illinois, employed as a psychologist, acting in the course and scope of her duties while acting ("under color of state Law"), while personally engaging in the conduct herein. This defendant upon information and belief was personally and directly involved and is sued in her individual and official capacities.

13). The defendant [Dr. Jeetwani], was at all times relevant to this complaint an employee of the state of Illinois, employed as a psychologist, acting in the course and scope of her duties while acting ("under color of state Law"), while personally engaging in the conduct herein. This defendant upon information and belief was personally and directly involved and is sued in her individual and official capacities.

14). The (6) six John Doe defendant(s) [ERT Team], was at all times relevant to this complaint an employee of the state of Illinois, employed as Sta's ("Security Therapist Aides"), acting in the course and scope of their duties while acting ("under color of state Law"), while personally engaging in the conduct herein. These defendant(s) were personally and directly involved and is sued in their individual and official capacities.

## Facts of Plaintiff's Case:

15). The plaintiff is not a prisoner.

16). The plaintiff has no pending criminal charges against him that he is aware of.

17). Although plaintiff is accused of Battery To Any Person, he has not been convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or terms of and conditions of parole, probation, pretrial release, or diversionary program.

pg. (4)

18). The plaintiff is being housed at the Rushville-TDF "DHS", staffed facility in Rushville, Illinois in the care and custody of the Illinois Department of Human Services.

19). On January 26, 2018, I was placed in the HCU ("Health care Unit") or Infirmary on Temp Secure Status after being accused of allegedly assaulting (2) two staff members here at Rushville TDF. I was escorted to the healthcare at around 9:30 Am and had been calm the entire time although I was being harrassed and intimidated by staff the entire time, who were seeking retaliation for allegedly assaulting their staff members.

20). Immediately upon my arrival into the healthcare Unit I began to experience harrassment, threats and disrespectful comments from the fox unit staff personell who expressed their disatisfaction and unhappiness with me for allegedly assaulting their co-workers. These individuals are StaI's Defendant(s) Davon J. Mercer, Bryant Mayes, Richard Logan, and Michael Jackson.

21). At around 12 o'clock noon (usually Lunchtime), the regular food trays came as well as the diet trays, and were passed out to the residents who gots them. I am on Kosher Trays, so at around 12:35pm when I didn't recieve my food, I pushed the intercom button to inquire to defendant Richard Logan about my kosher trays which usually arrives at 12:00pm or before the regular trays and diet trays arrive.

22). Defendant Richard Logan answered the intercom in an angry and aggressive manner and said "what the fuck do you want? I asked him about my kosher trays and defendant Richard Logan told me that I didn't have shit coming because I assaulted (2) two staff, he then hung up the intercom. before he hung up the intercom I could hear defendant StaI Dawn Mercer say we don't give a shit if you die in their dumb bastard.

pg. (5)

28). Defendant staff Spencer expressed that he didn't care what these staff did to me and told me that I wasn't getting anything to eat. Defendant Spencer then asked me once again if I was going to take some medication to calm me down, I again told him no and that I didn't need any medication to calm me down, and that I just wanted my food/or Kosher trays - Defendant Spencer then stated to me that I was gonna take the medication one way or another, he then walked away.

29). About (30) thirty minutes later after respectfully pleading my case with defendant Spencer at around 9:45pm, I was bombarded by (8) or (9) sta's (Security Therapist Aides) including the defendant Richard Logan who came to the cell where I'm located dressed in helmets and bullet proof vest to force the administration of psychotropic medication against my will that I had told defendant Spencer I wouldn't take when he asked me.

- John Doe -

30). The staff (defendants) who came to my cell are known as the ERT TEAM (Emergency Response team, they rushed in and began Punching, elbowing, and pulling at me to get me to lay down and accept a shot, they held me down while someone stuck me in the butt with a needle - this caused bleeding. when it was over I had a black eye, swollen face, swollen arms, swollen hands and was offered no medical treatment. The only people I reckognized on the ERT Team is Defendant Richard Logan, Defendant Sean Orill, and Defendant Staff McNeely.

31). Although Defendant(s) Bryant Mayes, Richard Logan, Michael Jackson, and Dawn Mercer ~conspired~ took it upon themself to have me medicated. Upon information and belief the only people with the authority to give the order for the forced administration of psychotropic medication is defendant(s) Gregg Scott, Shan Jumper, Aboli Tinwalla, Dr Rao, and Dr. Jectwani. The forced administration of the psychotropic medication against me is a "Particular Severe" interference with my liberty and caused me to suffer physically, and emotionally.

pg. (7)

Plaintiff's following Rights were Violated

36) →
1). Plaintiff rights under the (1st) first and (14th) fourteenth amendment to refuse the forced administration of psychotropic medication against his will.

37) →
2). Plaintiff's substantive and procedural Due Process rights were violated pursuant to the (5th) fifth and (14th) fourteenth amendment, while a resident and patient within Rushville TDF.

38) →
3). Plaintiff has a constitutionally and state created right to refuse forced medication and their exist an DHS Administrative Rule pursuant to title 59 Ill. Adm. Code Sec. 299.330, the rights which established the standard that must be followed before a resident can have psychotropic medication ordered against a resident(s) will or consent.

39) →
4). Plaintiff rights under the (8th) eighth amendment to be free from excessive use of force.

40) →
5). Plaintiff rights under the (14th) fourteenth to be free of being denied or deprived food, one of lifes basic necessities.

41) →
6). Illinois Tort of intentional infliction of emotional distress (IIED)

42) →
7). Their are other mental health codes that protect patients from potential misuse of psychotropic medications by mental health proffessionals who wish to restrain, manage or discipline patients, rather than treat their mental illness (405 ILCS 5/2-102(A-5) Strict compliance with section 5/2-102(A-5) is necessary to protect the liberty interest of the Mental Health treatment recipient, upon information and belief this is something the defendant(s) did not do.

Pg.(9)

Plaintiff States The following Constitutional Claims

## Count I

Claims under Illinois state law Tort Claim of Intentional infliction of emotional distress pursuant to pendant and supplemental jurisdiction of this court pursuant to 28 U.S.C. 1367(a).

43). Plaintiff realleges Paragraphs 1-42

44). Defendant(s) Bryant Mayes, Richard Logan, Michael Jackson, and Dawn Mercer, as well as Staii Spencer have collectively sought to intentionally inflict emotional distress upon me, and as such are named under the Illinois law, the tort of intentional Infliction of emotional distress, pursuant to 28 U.S.C. 1367(a). All of these defendant(s) actions were truly outrageous, unwarranted intrusions, calculated to cause emotional distress to me as a person with ordinary sensibilities. Each of the above named (5) five defendant(s) all met the following three components (1) Their conduct involved was truly extreme and outragious. (2) Each of these defendant(s) intended for their conduct to inflict severe emotional distress, and all of them knew that their was a high probability that there conduct would cause extreme emotional distress, and ... (3) Each of these defendant(s) conduct did in fact cause me extreme emotional distress. Additionally, the conduct and actions of each of these defendant(s) went beyond the bounds of decency and is considered intolerable in a civilized society.

## Count II

42 U.S.C. §1983 claim for calculated harassment and depriving me of food, one of life's basic human necessities. Defendant(s) Mayes, Spencer, Logan, Jankson and Mercer deprived me of a life basic human nesessity in retaliation for my alleged assaults on two of their staff co-workers, and they did so to provoke me.

44). Plaintiff realleges Paragraphs 1-43.

Pg (10)

23). I waited about another (10) ten minutes before pushing the intercom button once again at around 12:45 pm. when I pushed the intercom button, this time defendant Dawn Mercer answered, I immediately asked defendant mercer about my kosher trays I hadn't recieved, she stated to me that "you heard what logan said, you aint got shit coming, you're not eating today, that's what you get for Assaulting our staff, and they both ignored the intercom when I pushed it again.

24). Defendant(s) Bryant Mayes and Michael Jackson who were walking the floor of the healthcare Unit walked by several times, I called them both and inquired about my food at different times, they both told me that I didn't have shit coming because I had assaulted staff.

25). In my moment of being distressed and ignored by defendant(s) Mayes, Jackson, Logan and Mercer I began to kick the door in hopes that someone would here here, me possible supervisor so I could tell him or her that Mayes, Jackson, Logan and Mercer refuse to feed me and was mistreating me.

26). After beating on the door for about (2) two minutes at the least concerning my food, Defendant Staff Spencer came to the cell door. (Defendant staff spencer is the supervisor of defendant(s) Mayes, Jackson, Logan, and mercer). Before I could tell Staff spencer how Defendant(s) Logan, Mayes, Jackson and mercer had mistreated me, he asked me if I wanted to take some medication to calm me down? I said no.

27). I told defendant staff spencer that I didn't need anything to calm me down and that I was fine, and I then added that all I wanted was my food and then I could eat and then go to sleep. I told him that defendant(s) Mayes, Mercer, Logan and Jackson were intentionally antagonizing me, and now they wanted to make calls to have me forcefully medicated because they refuse to feed me and said that they were doing so because I allegedly assaulted staff, when they wanted me to be forcefully medicated to manage and discipline me, rather than just give me my food. I also told him that mercer went so far as to say she didn't care if I was in the cell dying.

Pg. (6)

32). Since being forcefully medicated, I have been experiencing constant head aches, crying for no reason (overly sensitive) dizziness, nausiating, unable to sleep at times, possibly an allergic reaction as well.

33). Their was no emergency situation that existed to warrant the forced order of psychotropic medication against my will, and it is beyond doubt that I have a protected liberty interest in refusing unwanted involuntary administration of psychotropic medications. DHS own administrative code prohibits its physicians from entering an order of psychotropic medication to residents against their will or consent. Title 59, Adm Code, 299.330 (d)(1)(A), as well as to document findings 299.330(d)(b).

34). I was not a threat to myself or others, I was in an empty room, with a jumpsuit, I had no weapons or even eating utensils to use, all I wanted was my food trays so that I could eat and lay down but was refused by defendant(s) Mayes, Logan, Jackson, and Mercer as well as defendant Spencer who wished to get some sick form of retaliation against me by irritating the situation by harrassing me and refusing to feed me. I did not make any threats towards anyone when I spoke to Spencer about my food, and I only told him that I didnt need any medication to calm me down and that all I wanted was my food - Problem solved, but it was forced on me. Anyway,

35). The administrative code title 59, 299.330 (d)(1)(A) states that psychotropic medication shall not be administered to any resident against his will unless a psychiatrist has determined that a resident suffers from a mental illness or disorder that the medication is in the medical interest of the resident and the resident is gravely disabled or poses a likelihood of serious harm to self or others.

Pg. (8)

42 U.S.C. §1983 claim for excessive force against me by 8 ~~one~~ John doe defendants who committed the act of excessive force when they rushed in on me began punching, elbowing and assaulting me so that psychotropic medication could be administered to me against my will and consent, and did give medical treatment. 59 Ill. Adm. code 299.350

45). Plaintiff realleges paragraphs 1-44.

### Count IV

42 U.S.C. §1983 claim for having psychotropic medication forced on me against my will and consent after excersising my constitutional right under the (1st) first and (14th) fourteenth amendment to refuse psychotropic medication. 59 Ill Adm. Code 299.330

46). Plaintiff realleges paragraphs 1-45

### Count V

42 U.S.C. §1983 claim alleging that my substantive and procedural Due Process rights were violated pursuant to the (5th) fifth and (14th) fourteenth amendment while a resident, patient within TDF, where defendant(s) committed medical battery against Plaintiff.

47). Plaintiff realleges paragraphs 1-46.

Wherefore, plaintiff demands substantial actual, or compensatory damages, jointly and severally from each of these defendant(s) in the amount of $10,000 each, in each count. Additionally because defendant(s) acted willfully, wantonly, and/or reckless disregard of my constitutional rights I demand substantial punitive damages from each of the defendant(s), and any other relief that this honorable court deems equitable, just and proper.

pg. (11)

I Jermaine Carpenter, after being first duly sworn upon my oath and under the penalty of perjury hereby swear to all the foregoing in the signed sworn declaration in the above stated cause:

This is a true and correct statement of fact which did occur and I am willing to testify to each and everyone of them in this honorable United States District Court after first being duly sworn upon my oath and under the penalty of perjury in accordance with the laws of the United States of America pursuant to 28 U.S.C. §1746, and by my signature I do here by swear.

Dated: February 05, 2018

Respectfully Submitted,

Jermaine J Carpenter

In Dia County Farm Rd.
Rushville, Illinois 62681

## Plaintiff's Verified And Sworn Complaint

I have read the foregoing Sworn Complaint and hereby verify that the matter alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed [Rushville Illinois] on 2/05/2018

Pg. (12)